```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/6/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Christina Shepperson et al., <br><br> Plaintiffs, <br><br> -against- <br><br> Greenwood Motor Lines, Inc. d/b/a R+L Carriers, <br><br> Defendant. | 1:23-cv-09097 (GHW) (SDA) <br><br> **OPINION AND ORDER** |

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

Pending before the Court is a motion by defendant Greenwood Motor Lines, Inc. d/b/a R+L Carriers ("Defendant" or "Greenwood") for entry of an Order, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, dismissing this action for lack of personal jurisdiction and/or, pursuant to Rule 12(b)(3), dismissing the action for improper venue or, in the alternative, pursuant to 28 U.S.C. § 1406(a), transferring this action to the U.S. District Court for the Middle District of Florida. (Def.'s Not. of Mot., ECF No. 27.)

For the reasons set forth below, Defendant's alternative motion is GRANTED and the Clerk of Court is respectfully directed to transfer this action, pursuant to 28 U.S.C. § 1406(a), to the U.S. District Court for the Middle District of Florida.[1]

---

[1] Transfer to another district is a non-dispositive matter, and thus this Court is issuing an order rather than a recommendation. *See Shalto v. Broadway Barbers LIC Inc.*, No. 24-CV-00795 (PAE) (BCM), 2024 WL 839050, at *2 (S.D.N.Y. Feb. 28, 2024) ("transfer orders are non-dispositive and consequently are within the authority of a magistrate judge acting pursuant to 28 U.S.C. § 636(b)(1)(A)").

**BACKGROUND**

In this diversity action, Plaintiffs allege claims against Greenwood arising out of a rear-end collision in Polk City, Florida, between a tractor-trailer owned and operated by Greenwood and a personal automobile in which Plaintiffs were passengers.[2] (FAC ¶¶ 1-2.) Three of the plaintiffs are residents of Bronx County, New York, and one of the plaintiffs is a resident of Hillsborough County, Florida.[3] (*Id*. ¶¶ 4-11.)

Plaintiffs allege that Greenwood is an Ohio corporation maintaining a principal place of business at 600 Gillam Road, Wilmington, Ohio. (FAC ¶ 12.) Plaintiffs further allege that Greenwood is authorized to do business in the State of New York, and that Greenwood "maintains continuous and systematic contacts with the State of New York." (*Id*. ¶¶ 13-14.) In addition, Plaintiffs allege that Greenwood "maintains approximately ten (10) terminals in the State of New York." (*Id*. ¶ 22.)

On January 26, 2024, Greenwood filed the pending motion. (*See* Def.'s Not. of Mot.) On February 8, 2024, Plaintiffs filed their opposition to Greenwood's motion, in which they make a request for jurisdictional discovery. (Pls.' 2/8/24 Mem., ECF No. 33.) On February 22, 2024, Greenwood filed an opposition to Plaintiffs' request for jurisdictional discovery. (Def.'s 2/22/24 Mem., ECF No. 35.)

---

[2] In their initial Complaint in this action, Plaintiffs had alleged claims against additional defendants (*see* Compl., ECF No. 1), two of which (*i.e.*, R&L Carrier Shared Services, LLC and R&L Transfer, Inc.) were dropped from the First Amended Complaint ("FAC"). (*See* FAC, ECF No. 11.) In addition, two other defendants (*i.e.*, R+L Carrier Shared Services, LLC and R+L Transfer, Inc.) were named in the FAC, but Plaintiffs later voluntarily dismissed their claims against them. (Not. of Volun. Dismissal, ECF No. 17.) Thus, the only remaining defendant in this case is Greenwood.

[3] One of the plaintiffs, Christina Shepperson, is suing individually and on behalf of deceased individuals. (FAC ¶¶ 5, 7-8, 10.)

## **LEGAL STANDARDS**

"[T]he general federal venue provisions [are] set out in 28 U.S.C. § 1391." *U.S. ex rel. Thistlethwaite v. Dowty Woodville Polymer, Ltd.*, 110 F.3d 861, 864 (2d Cir. 1997). That statute provides, in relevant part, that venue is proper in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

For venue purposes, a defendant that is a corporation is "deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question[.]" 28 U.S.C. § 1391(c)(2). In states, such as New York, that have more than one district, the venue statute provides:

> For purposes of venue under this chapter, in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(d).

"On a motion to dismiss for improper venue under Rule 12(b)(3), the burden of proof lies with the plaintiff to show that venue is proper." *Detroit Coffee Co., LLC v. Soup for You, LLC*, No. 16-CV-09875 (JPO), 2018 WL 941747, at *1 (S.D.N.Y. Feb. 16, 2018) (internal quotations omitted).

"Where no evidentiary hearing has been held, 'the plaintiff need only make a *prima facie* showing of [venue].'" *Del Toro v. Novus Equities, LLC*, No. 20-CV-01002 (NSR), 2021 WL 5567618, at *2 (S.D.N.Y. Nov. 29, 2021) (citing *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005)).

If a case is filed in an improper district, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The decision of whether to dismiss or transfer lies within the broad discretion of the district court. *See Meserole St. Recycling, Inc. v. CSX Transp., Inc.*, No. 06-CV-04652 (CBA), 2007 WL 2891424, at *4 (E.D.N.Y. Sept. 28, 2007). "When determining whether transfer pursuant to Section 1406(a) is appropriate, a court may take into account the ultimate goal of the 'expeditious and orderly adjudication of cases and controversies on their merits.'" *Id*. (quoting *Goldlawr, Inc. v. Heinman*, 369 U.S. 463, 466-67 (1962)).

## ANALYSIS

### I. Venue Is Not Proper In This District

In their FAC, Plaintiffs allege "[v]enue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(3)." (FAC ¶ 27.) However, Section 1391(b)(3) only applies "if there is no district in which an action may otherwise be brought" under Section 1391. *See* 28 U.S.C. § 1391(b)(3). That is not the case here. This action could have been brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. §

1391(b)(2). In the present case, the event giving rise to the claim – the collision – occurred in Polk City, Florida, which is in the Middle District of Florida,[4] and, thus, venue is proper in that district.[5]

In their memorandum in opposition to Defendant's motion to dismiss or transfer, Plaintiffs argue that the Court should exercise its discretion to decline Defendant's motion to transfer. (*See* Pl.'s 2/28/24 Mem. at 14-15.) However, Plaintiffs fail to include any analysis as to why venue is proper in this District. (*See id.*) Instead, Plaintiffs include a discussion of case law regarding factors that courts consider when applying 28 U.S.C. § 1404. (*See id.* (citing, *inter alia*, *In re Warrick*, 70 F.3d 736 (2d Cir. 1995); *Berman v. Informix Corp.*, 30 F. Supp. 2d 653 (S.D.N.Y. 1998); *In re Hanger Orthopedic Grp., Inc. Sec. Litig.*, 418 F. Supp. 2d 164 (E.D.N.Y. 2006); *Dwyer v. Gen. Motors Corp.*, 853 F. Supp. 690 (S.D.N.Y. 1994)).) Section 1404 permits transfer for the convenience of parties and witnesses, but only applies when venue otherwise is proper, which is not the case here.[6] *See Filsoof v. Wheelock St. Cap.*, LLC, No. 22-CV-09359 (NRB), 2023 WL 8280496, at *4 (S.D.N.Y. Nov. 30, 2023) ("While the convenience of plaintiff's witnesses may be highly relevant in determining whether to transfer venue under 28 U.S.C. § 1404(a), that consideration has no bearing on whether venue is proper in the first instance." (footnote

---

[4] Polk City is situated in Polk County, Florida, which is within the Tampa Division of the Middle District of Florida. *See* U.S. District Court for the Middle District of Florida website: https://perma.cc/4HR6-CTZP.

[5] This action also could have been brought in the Southern District of Ohio, where Greenwood has its principal place of business. *See* 28 U.S.C. § 1391(b)(1).

[6] In the context of Plaintiffs' discussion of case law applying Section 1404, Plaintiffs argue that the Court "must give substantial consideration to the plaintiff's choice of venue." (Pls.' 2/8/24 Mem. at 14.) Judicial deference to a plaintiff's choice of venue is warranted in disputes concerning Section 1404, where the plaintiff's choice of venue necessarily has been deemed proper and the district court decision to transfer the case is "discretion[ary]." *See N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010). However, deference is not warranted here, since the Court has determined that venue is improper. *See* 28 U.S.C. § 1406(a) (providing that district court "shall" dismiss or transfer case if venue is improper).

omitted)); *see also Van Dusen v. Barrack*, 376 U.S. 612, 634 (1964) (§ 1404(a) "operates on the premises that the plaintiff has properly exercised his venue privilege").

To the extent that Plaintiffs intended to argue that venue is proper in the Southern District of New York under Sections 1391(b)(1), (c) and (d) on the basis that Defendant is subject to personal jurisdiction in this District, and therefore resides in this District for purposes of venue (*see, e.g.*, Pls.' Mem. at 6-12 (discussing personal jurisdiction)), such argument is without merit. Plaintiffs have not made a showing that there is general or specific jurisdiction over Defendant in this District.

Under the Due Process Clause, a corporation can "be subject to general jurisdiction in a state only where its contacts are so 'continuous and systematic' . . . that it is 'essentially at home' in that state." *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 135 (2d Cir. 2014) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 129 (2014)). "Aside from 'an exceptional case' . . . a corporation is at home (and thus subject to general jurisdiction, consistent with due process) only in a state that is the company's formal place of incorporation or its principal place of business." *Id*. (quoting *Daimler*, 571 U.S. at 139 & n.19). Defendant is neither incorporated in New York nor does it have its principal place of business in New York. Thus, the Court cannot assert general personal jurisdiction over Defendant in this case. *See Gleissner v. Turk Hava Yollari Anonim Ortakligi*, No. 16-CV-08287 (JPO), 2018 WL 456296, at *3 (S.D.N.Y. Jan. 17, 2018) (no personal jurisdiction under

*Daimler* where neither defendant's state of incorporation nor its principal place of business was in New York).[7]

To the extent Plaintiffs seek to argue that specific jurisdiction exists over Defendant in this District under Section 302(a)(3) of the New York Civil Practice Law and Rules (*see* Pls.' 2/8/24 Mem. at 9-10), such argument is misplaced. CPLR § 302(a)(3) permits personal jurisdiction over a non-domiciliary for a tort occurring outside of New York if it caused injury to a plaintiff within New York, so long as the non-domiciliary does business in the state. "[T]he situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are felt by the plaintiff." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 209 (2d Cir. 2001) (quoting *Mareno v. Rowe*, 910 F.2d 1043, 1046 (2d Cir. 1990)). Thus, personal jurisdiction does not exist under CPLR § 302(a)(3).[8] Accordingly, the Court finds that venue is not proper in this District under 28 U.S.C. § 1391(b).

Because the Southern District of New York does not meet any of the criteria in under 28 U.S.C. § 1391(b) subsections (1) through (3), the Court next considers whether to dismiss this action or to transfer it pursuant to § 1406.

---

[7] Plaintiffs in their opposition memorandum put forth various contacts that Defendant has with the State of New York, both inside and outside this District. (Pls.' 2/8/24 Mem. at 7-8.) However, Plaintiffs have not met their "heavy burden" to show that Defendant's presence in New York rises to the level of an "exceptional case." *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016). Plaintiff has "made no showing that [Defendant's] relationship with New York was in any way significant or exceptional in relation to the [its] nationwide business activity" as is required under *Daimler*. *See Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 500 (2d Cir. 2020).

[8] Given the obvious lack of general or specific personal jurisdiction, the Court finds that there is no basis for jurisdictional discovery. In the Court's view, Plaintiffs have not made a "sufficient start" to show there is a predicate for personal jurisdiction in this Court. *See Wilson & Wilson Holdings LLC v. DTH, LLC*, No. 22-CV-02941 (PGG) (SDA), 2023 WL 3449163, at *2 (S.D.N.Y. May 15, 2023).

II.     **Transfer To The Middle District of Florida Is In The Interest Of Justice**

Having found that venue is improper in this District, the Court either must dismiss this action or transfer it to a district in which it could have been brought. *See* 28 U.S.C. § 1406(a). The Court, in its discretion, declines to dismiss this action and instead will transfer this action to the U.S. District Court for the Middle District of Florida, as Defendant requests.[9]

"The transferee court must be one in which the action could have been properly filed initially, satisfying venue and personal jurisdiction requirements." *McCulley v. Anglers Cove Condo. Ass'n, Inc.*, 977 F. Supp. 177, 181 (E.D.N.Y. 1997) (citing *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993)); *see also Cohen v. Altman*, No. 6:18-CV-06812 (MAT), 2019 WL 537222, at *2 (W.D.N.Y. Feb. 11, 2019). This Court finds that this action could have been properly filed in the Middle District of Florida, where the collision in question occurred. As set forth above, venue is proper in that district pursuant to 28 U.S.C. § 1391(b)(2).[10] In addition, it appears that, had this action been brought in the Middle District of Florida, personal jurisdiction would have been satisfied as to Defendant.

"A federal court sitting in diversity [in Florida] undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the

---

[9] The Court notes that it "need not have personal jurisdiction over the defendant[] in order to transfer a case under 28 U.S.C. § 1406(a)." *Huang v. Valarhash LLC*, No. 22-CV-09973 (GHW) (SDA), 2023 WL 7325927, at *2 (S.D.N.Y. Nov. 7, 2023) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) ("The language of [28 U.S.C. §] 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not.")).

[10] Although Plaintiffs also could have brought this action in the Southern District of Ohio (*see* n.5, *supra*), the Middle District of Florida is in this Court's view best suited to address the merits of the claims against Defendant.

Fourteenth Amendment to the United States Constitution." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). "A defendant can be subject to personal jurisdiction under Florida's long-arm statute in two ways: first, section 48.193(1)(a) lists acts that subject a defendant to *specific* personal jurisdiction—that is, jurisdiction over suits that arise out of or relate to a defendant's contacts with Florida, Fla. Stat. § 48.193(1)(a); and second, section 48.193(2) provides that Florida courts may exercise *general* personal jurisdiction—that is, jurisdiction over any claims against a defendant, whether or not they involve the defendant's activities in Florida—if the defendant engages in 'substantial and not isolated activity' in Florida, id. § 48.193(2)." *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1203-04 (11th Cir. 2015) (emphasis in original).

> Section 48.193(1)(a)(2) provides:
>
> A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
>
> . . .
>
> 2. Committing a tortious act within this state.

Fla. Stat. § 48.193(1)(a)(2).

In the present case, it seems that specific personal jurisdiction exists over Defendant under Florida's long-arm statute. The causes of action alleged in the FAC arise out of the allegedly tortious acts committed by Defendant in Florida in connection with the collision that occurred between a tractor-trailer owned and operated by Defendant and a personal automobile in which Plaintiffs were passengers. In addition, it appears that a Florida court's exercise of long-arm

jurisdiction over Defendant in this action would satisfy the Due Process Clause. Defendant "purposefully established constitutionally significant contact" with the state of Florida by operating its trucks in Florida and subjecting Defendant to suit in Florida, in the Court's view, comports with "fair play and substantial justice." *Licciardello v. Lovelady*, 544 F.3d 1280, 1284 (11th Cir. 2008). As such, it is likely that personal jurisdiction exists over Defendant in the Middle District of Florida. *See Lama v. New Century Found.*, No. 19-CV-02169 (GHW) (DF), 2019 WL 7599899, at *10 (S.D.N.Y. Oct. 10, 2019), *report and recommendation adopted*, 2019 WL 13368587 (S.D.N.Y. Oct. 28, 2019) (noting "certainty is not the standard which guides the Court's discretion on this matter") (internal quotation marks omitted) (citing *Centerboard Sec., LLC v. Benefuel, Inc.*, No. 15-CV-00071 (PAC), 2015 WL 4622588, at *3 (S.D.N.Y. Aug. 3, 2015) (transferring, rather than dismissing, action to district where "venue and jurisdiction [were] *likely* proper" (emphasis supplied)).

Finally, the Court finds that transfer, rather than dismissal, is in the interest of justice. "The district court's decision whether to dismiss or transfer a case 'lies within the sound discretion of the district court.'" *Blakely v. Lew*, 607 F. App'x 15, 18 (2d Cir. 2015) (quoting *Minnette*, 997 F.2d at 1026); *see also Lama*, 2019 WL 7599899, at *7 ("Courts enjoy considerable discretion in deciding whether to transfer a case in the interest of justice."). "Transfer should be the usual remedy for improper venue." *Grossman v. Citibank, N.A.*, No. 22-CV-09183 (NSR), 2022 WL 16751944, at *1 (S.D.N.Y. Nov. 4, 2022) (citing 17 Moore's Federal Practice ¶ 111.34 (3d ed. 2020) ("Ordinarily, transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time consuming and justice-defeating.")). "Because the purpose of 28 U.S.C. § 1406(a)'s transfer provision is to remove whatever obstacles may impede

an expeditious and orderly adjudication of cases and controversies on their merits, it is frequently more efficient to transfer the case than to dismiss it." *Shalto*, 2024 WL 839050, at *1 (internal citations, quotation marks and alterations omitted). Accordingly, the Court, in its discretion, finds that transfer in the interest of justice is warranted.

## CONCLUSION

For the foregoing reasons, Defendant's alternative motion is GRANTED and the Clerk of Court is respectfully directed to transfer this action, pursuant to 28 U.S.C. § 1406(a), to the U.S. District Court for the Middle District of Florida.[11]

SO ORDERED.

Dated:    March 6, 2024
          New York, New York

_____
**STEWART D. AARON**
**United States Magistrate Judge**

---

[11] Because the Court is granting the alternative relief requested by Defendant and is transferring this action to the Middle District of Florida, pursuant to 28 U.S.C. § 1406, the Court does not reach Defendant's motion to dismiss under Rule 12(b)(2) or (b)(3).